UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 00-CV-8185-CIV-RYSKAMP

MATTHEW HART,

    Plaintiff,

vs.

BRAND SCAFFOLD BUILDERS, INC.,
a Foreign corporation and WENTWORTH
REALTY and DEVELOPMENT CORP., a
Florida corporation,

    Defendants.

_____/



## AMENDED COMPLAINT

COMES NOW the Plaintiff, MATTHEW HART, by and through the undersigned counsel and sues the Defendants, BRAND SCAFFOLD BUILDERS, INC., a Foreign corporation, and WENTWORTH REALTY and DEVELOPMENT CORP., a Florida corporation and alleges as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1. That this is an action for damages in excess of $15,000.00, exclusive of costs.

2. That, at all times relevant hereto, the Plaintiff, MATTHEW HART, was over the age of 18 years, was a resident of Palm Beach County, Florida and was, in all other respects, sui juris.

3. That, at all times relevant hereto, the Defendant, BRAND SCAFFOLD BUILDERS, INC., was a Foreign Corporation authorized to do business in the State of Florida and doing business in Palm Beach County, Florida.

4. That, at all times relevant hereto, the Defendant, WENTWORTH REALTY and DEVELOPMENT CORP., was a Florida corporation doing business in Palm Beach County, Florida.

5. That the incident giving rise to this cause of action occurred, and venue is proper, in Palm Beach County, Florida.

6. That, on or about January 9, 1998, the Defendant, BRAND SCAFFOLD BUILDERS, INC., designed, supplied and erected scaffolding for Defendant, WENTWORTH REALTY and DEVELOPMENT CORP., for use upon a construction project in Delray Beach, Palm Beach County, Florida.

7. That, on or about January 9, 1998, the Plaintiff, MATTHEW HART, was lawfully upon the premises, and using the scaffolding in the manner intended, for the purpose of performing construction-related labor.

## COUNT I

8. That, on the aforesaid date and place, the Defendant, BRAND SCAFFOLD BUILDERS, INC., had a duty to design and erect its scaffolding in a reasonably safe manner, to correct dangerous conditions of which they knew or should have known by the use of reasonable care, and to warn Plaintiff of any dangerous conditions, concerning which Defendant had, or should have had, knowledge greater than that of Plaintiff in order to protect Plaintiff from reasonably foreseeable harm.

9.  That, on the aforesaid date and place, Plaintiff, MATTHEW HART, was using the aforesaid scaffolding in the manner in which it was intended when he fell off same and onto a lower floor of the construction site.

10. That, on the aforesaid date and place, the Defendant, BRAND SCAFFOLD BUILDERS, INC., breached the aforesaid duty of care by negligently failing to design and erect the scaffolding in a reasonably safe manner, negligently failing to correct a dangerous condition of which Defendant knew, or should have known by the use of reasonable care, negligently failed to warn Plaintiff of a dangerous condition concerning which Defendant had, or should have had, knowledge greater than that of Plaintiff, negligently failed to provide complete planking and guard rails so as to prevent reasonably foreseeable injury to Plaintiff, and were otherwise careless and negligent.

11. That, as a direct and proximate result of the aforesaid negligence, the Plaintiff, MATTHEW HART, suffered bodily injury and resulting pain and suffering, disability, disfigurement, significant scarring, bodily impairment, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn monies in the future and aggravation of a previously existing condition. Furthermore, Plaintiff suffered permanent injuries within a reasonable degree of medical probability and all losses are either permanent or continuing in nature and the Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, MATTHEW HART, demands judgment for compensatory damages against the Defendant, BRAND SCAFFOLD BUILDERS, INC., for the costs of this action, for a jury trial on all issues so triable and for such other relief as this Court deems just.

## COUNT II

12. That, on the aforesaid date and place, the Defendant, WENTWORTH REALTY and DEVELOPMENT CORP., had a duty to maintain the scaffolding in a reasonably safe condition, to correct dangerous conditions of which they knew or should have known by the use of reasonable care, and to warn Plaintiff of any dangerous conditions concerning which Defendant had, or should have had, knowledge greater than that of Plaintiff in order to protect Plaintiff from reasonably foreseeable harm.

13. That, on the aforesaid date and place the Plaintiff, MATTHEW HART, was using the aforesaid scaffolding in the manner in which it was intended when he fell off same onto a lower floor of the construction site.

14. That, on the aforesaid date and place, the Defendant, WENTWORTH REALTY and DEVELOPMENT CORP., breached the aforesaid duty by negligently altering the planking and guard rails of the scaffolding to create a foreseeably dangerous condition, negligently failing to correct a dangerous condition of which Defendant knew, or should have known, by the use of reasonable care, negligently failing to warn Plaintiff of a dangerous condition concerning which Defendant had, or should have had, knowledge greater than that of Plaintiff, negligently failing to maintain the scaffolding in a reasonably safe condition, and were otherwise careless and negligent.

15. That, as a direct and proximate result of the aforesaid negligence, the Plaintiff, MATTHEW HART, suffered bodily injury and resulting pain and suffering, disability, disfigurement, significant scarring, bodily impairment, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn monies in the future and aggravation of a previously existing condition. Furthermore, Plaintiff suffered permanent injuries within a reasonable degree of medical probability and all losses are either permanent or continuing in nature and the Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, MATTHEW HART, demands judgment for compensatory damages against the Defendant, WENTWORTH REALTY and DEVELOPMENT CORP., for the costs of this action, for a jury trial on all issues so triable and for such other relief as this Court deems just.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail/hand delivery this 27th day of April, 2000 to: Gary S. Betensky, Esquire, Richman, Greer, Weil, et. al., Trial Attorneys for Defendant, 250 Australian Avenue South, Suite #1504, West Palm Beach, FL 33401 and Sharon Ryan Rodi, Esquire, Adams and Reese, LLP, Co-Counsel for Defendant, 4500 One Shell Square, New Orleans, LA 70139.

        Attorneys Jo Ann Hoffman, Moore,
           Baisden & Selwood, P.A.
        Attorney for Plaintiff
        4403 West Tradewinds Avenue
        Lauderdale-by-the Sea, FL 33308
        Broward (954) 772-2644

By: _____
    Stuart A. Nelson, Esquire
    FLORIDA BAR NO: 319090

SAN:ms